IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| TBYRD ENTERPRISES, L.L.C. | § | CASE NO: 06-30078 |
|    Debtor | § | |
| | § | CHAPTER 11 |

### MEMORANDUM OPINION REGARDING CIVIL CONTEMPT
### AND ORDER IMPOSING SANCTIONS AND ORDERING CONFINEMENT

     Tbyrd Enterprises, L.L.C. ("Tybrd" or "Debtor") filed this voluntary bankruptcy case on January 3, 2006. On January 24, 2006, the Court issued an order that the Debtor must comply with its duties under 11 U.S.C. § 521 and the Federal Rules of Bankruptcy Procedure (the "Rules") by January 31, 2006. The Debtor did not comply with the Court order. On February 1, 2006, the Court issued an order to show cause why the Debtor and its operating officers, principal owners and chapter 11 counsel should not be held in civil contempt of this Court for failure to comply with this Court's January 24, 2006 order. The February 1, 2006 order directed Mr. Tim Byrd, the managing member of the Debtor, to appear in person at a show cause hearing scheduled for February 8, 2006. Notice of the hearing was mailed to Debtor at Debtor's address of record: P.O. Box 9033, College Station, TX 77842-9033. Debtor's counsel, Mr. Thomas Wayland, appeared at the hearing. However, no defense was presented. Mr. Byrd failed to appear at the February 8, 2006 hearing.

     The Debtor is in civil contempt for failure to comply with the Court's January 24, 2006 order. The Court finds that coercive sanctions are appropriate in order to assure that the schedules, statement of financial affairs and other documents are filed. The Debtor is sanctioned $500.00 per day, for each day beginning February 9, 2006, until the Debtor complies with the Court's January 24, 2006 order and files schedules of assets and liabilities, a statement of financial affairs, and the other documents as required by § 521 and the Rules. Debtor's principals are responsible for payment of the sanction. The sanction is to be paid to the Clerk of Court.

     The petition in this case was signed by Mr. Tim Byrd as the Debtor's managing member. Although given a full opportunity to present a defense, neither the Debtor nor Mr. Byrd (Mr. Byrd having failed to appear) offered any evidence that Mr. Byrd was not still the Debtor's managing member. Plainly, Mr. Byrd claimed to be the managing member on the petition date. The requisite schedules and statements are filed as of the petition date. Based on the foregoing, the Court concludes that Mr. Byrd is the individual responsible for completion of the documents required by 11 U.S.C. § 521.

     The Debtor's counsel is Mr. Thomas Wayland. The Court has determined that Mr. Wayland may not be sanctioned based on his client's failure to complete the schedules and statements. There is no evidence before the Court that Mr. Wayland took any action other than

to encourage the filing of the schedules and statements. Additionally, although there is other wrongful conduct alleged against Mr. Wayland, that conduct is the subject of a future show cause hearing and is not considered by the Court for the present matter.

The Court orders the Clerk to serve a copy of this Order and the related Arrest Warrant to the United States Marshals Service. The United States Marshals Service is directed to arrest and confine Mr. Byrd. The confinement is solely for the purpose of coercing Mr. Byrd to comply with this Court's order that the documents required by § 521 be completed. Mr. Byrd is to be held by the United States Marshals Service until Debtor has complied with the Court's January 24, 2006 order and filed its schedules of assets and liabilities, a statement of financial affairs, and the other documents as required by § 521 and the Rules. Mr. Byrd is to have access to blank bankruptcy schedules and forms as well as a telephone during reasonable business hours (available at his own expense). Mr. Byrd is allowed to have the pertinent documents with respect to the Debtor's financial position delivered or in his possession in order to comply with this Order.

When Mr. Byrd alleges that he has complied with § 521, the United States Marshals Service is ordered to produce Mr. Byrd before this Court. The Court will review the completed documents. If Mr. Byrd has met his statutory obligations, he will be released at that time.

This order is issued solely with respect to the failure to the documents required pursuant to § 521 and the Rules. All other allegations of wrongdoing will be considered at a future hearing and are not the subject of this order.

SIGNED 02/08/2006.

MARVIN ISGUR
United States Bankruptcy Judge